O

# United States District Court
# Central District of California

| | |
|---|---|
| OXYDE CHEMICALS, INC., <br>              Petitioner, <br>     v. <br> ESSEN POLYMERS, INC., <br>              Respondent. | Case No. 2:13-cv-5133-ODW (CWx) <br><br> **ORDER GRANTING PETITIONER'S APPLICATION FOR ATTORNEYS' FEES AND COSTS [35]** |

Before the Court is Petitioner Oxyde Chemicals, Inc.'s Application for Attorneys' Fees and Costs. (ECF No. 35.) Oxyde is currently seeking $19,002.50 in attorneys' fees and $1,305.71 in costs for its lead counsel, Hill Rivkins, LLP, and $3,167.50 in attorneys' fees and $343.96 in costs to local counsel, the Law Offices of Nicholas A. Boylan. (Reply 10.) Respondent Essen Polymers, Inc. opposes Oxyde's Application on a handful of grounds.

Oxyde is the prevailing party in the underlying action. The parties were involved in a sales-contract dispute. (*See* ECF No. 34.) Pursuant to the terms of the contract, they entered into arbitration in Houston, Texas. (*Id.*) The arbitrator found Essen breached the contract and ultimately awarded Oxyde a total of $522,975.87. (*Id.*) Essen failed to pay, and Oxyde filed its Petition to Confirm Arbitration Award in

this Court on July 17, 2013. (*Id.*; ECF No. 1.) On December 6, 2013, the Court granted Oxyde's Petition for Confirmation of Arbitration Award. (ECF No. 34.)

On December 20, 2013, Oxyde filed the present Application for Attorneys' Fees and Costs (ECF No. 35), initially requesting a total of $26,262.50 in attorneys' fees and $1,305.71 in costs. (Vangel Decl. ¶ 5.) Essen filed its Opposition on January 13, 2014, pointing out certain deficiencies in Oxyde's request. (ECF No. 39.) Oxyde filed a Reply on January 17, 2014, addressing some of Essen's arguments and reducing its attorneys' fees request by a little more than $4,000. (Reply 10.)

There appears to be no dispute that Oxyde is entitled to attorneys' fees and costs under the sales contract. Where the parties diverge is over the reasonableness of Oxyde's request. The Ninth Circuit utilizes a number of factors in assessing the reasonableness of an award of attorneys' fees. Those factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Essen argues that this Court should deny Oxyde's attorneys' fees and costs or reduce Oxyde's attorneys' fees to no more than $3,500. (Opp'n 13:25–28.) According to Essen, a large portion of Oxyde's billing records lack sufficient detail and include "block-billed" entries. In addition, Essen contends that the Court has not been supplied with adequate information about the education and experience of certain attorneys. Essen also argues that the fees requested are excessive because Oxyde has billed for more hours than necessary to deal with a case that included "no novel, unique, or complex issues." (Opp'n 10:4–5.) According to Essen, Oxyde also

1 seeks to recover fees and costs that were a direct result of its own errors. Finally, Essen argues that Oxyde has billed for duplicative work and for work that pre-dated the filing of this action.

The Court first addresses Essen's contention that Oxyde has billed for duplicative work and work that pre-dated the filing of this action. The Court finds that the reduction in Oxyde's fees request contained in its Reply sufficiently addresses this concern.

As to the remainder of Essen's arguments, the Court is unpersuaded. The Court finds no reason to deny Oxyde's fees altogether. Oxyde is the prevailing party and entitled to attorneys' fees pursuant to the parties' sales contract. The Court has reviewed Oxyde's billing records and disagrees with Essen's assessment that the billing records lack sufficient detail. Moreover, in its Reply, Oxyde supplied additional detail about the educational background and experience of the attorneys who worked on this matter. The Court finds the attorneys' educational background and experience commensurate with their hourly rates. In addition, the rates of the attorneys in this matter ranged from $175 an hour to $400 an hour. These hourly rates are reasonable in almost any area of practice.

With respect to Essen's contention that Oxyde has billed too many hours for a relatively simple matter, the Court actually finds that the fault lies with Essen on this point. Essen is correct that this was a relatively simple matter, but Oxyde was forced to litigate the issue vigorously because of Essen's staunch opposition. The Court finds no issue with the number of hours billed considering the six months it took to take this matter to completion. The Court also finds that Oxyde has not billed for work that was a result of Oxyde's own error. The Petition for Confirmation of Arbitration Award had to be served on Essen multiple times, but the Court finds that this was more a result of Essen unnecessarily prolonging this action than error on Oxyde's part.

/ / /

For the reasons discussed above, the Court hereby **GRANTS** Oxyde's Application for Attorneys' Fees and Costs. (ECF No. 35.) The Court **AWARDS** **$19,002.50 in attorneys' fees** and **$1,305.71 in costs** to Oxyde's lead counsel Hill Rivkins, LLP, and **$3,167.50 in attorneys' fees** and **$343.96 in costs** to Oxyde's local counsel, the Law Offices of Nicholas A. Boylan.

**IT IS SO ORDERED.**

February 10, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**